**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY BLACH,

    Petitioner,

vs.

JOHN DOVEY, Director of Adult Institutions, CDCR,

    Respondent.

No. C 05-4446 PJH (PR)

**ORDER EXTENDING TIME TO AMEND; RULINGS**

This is a habeas case filed pro se by a state prisoner. In the initial review order the court dismissed the petition with leave to amend. In that order the court stated:

> The petition is a handwritten document not on the court's form for habeas petitions. It is labeled a "[n]ominal" petition, apparently because it is not the real petition, but rather a place-holder for an amended petition petitioner hopes to file later. It includes two "motions to the court" and eight "ancillary" motions. Petitioner refers to it as presenting a "sampling" of the issues he ultimately will raise. He lists twelve claims, some with subparts. Although some of these claims clearly are cognizable, for instance ineffective assistance of counsel claims, most do not allege grounds for federal habeas relief.
>
> A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). That is, a federal habeas petitioner must allege, and at some point prove, that his or her conviction was obtained in violation of federal law, usually the Constitution. [Footnote omitted] Petitioner should also note that *Herrera v. Collins*, 506 U.S. 390, 400 (1993), made it clear that there can be no federal habeas relief based solely on a petitioner's actual innocence of the crime. *See Coley v. Gonzalez*, 55 F.3d 1385, 1387 (9th Cir. 1995). Thus, his contention that he is not the guilty party, and that various other people and groups are, is not grounds for federal habeas relief.

Because the present petition omits necessary information, is incomplete, and does not contain a simple, clear list of the constitutional claims petitioner wishes to raise, it will be dismissed with leave to amend on the court's form.  If petitioner chooses to amend he may use additional sheets of paper to set out claims beyond those which will fit on the form, but is advised to omit unnecessary argument which might be better presented in a memorandum in support of the petition or in a traverse, and to focus on the federal legal claims he wishes to be considered, rather than extensive discussion of his factual assertions. [Footnote omitted] Because claims cannot be raised in federal court unless they have first been raised to the highest state court available in explicitly federal terms, it should not be difficult for petitioner to list the federal issues he has already presented to the state supreme court.

Plaintiff has filed several motions which are now before the court for ruling.

*1. Motion for appointment of counsel*

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner obviously is literate and capable of presenting his claims, if he will narrow them down and focus on the essentials of how he contends his rights were violated.  As to complexity, at this stage of the case it is impossible determine if the issues are complex, because petitioner still has not filed an amended petition, but it appears the issues are relatively straightforward.  And in any case, petitioner has to have exhausted the issues in state court before he comes here, so his state court papers will assist him in presenting the issues here.  The motion will be denied.

*2. Motions for extension of time to file amendment*

Petitioner has filed several motions asking for extensions.  An extension of time to amend will be granted, but this case cannot be allowed to linger indefinitely without resolution.  He should treat the present extension as a firm deadline, or if he has issues which are not exhausted in state court, he may ask for a stay while he exhausts.  If he asks for a stay, he must show good cause for his failure to exhaust earlier, that the proposed issues are "potentially meritorious," and that he is not engaging in "dilatory litigation tactics."

2

*See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

   *3. Motions for injunctive relief*

Petitioner included a motion for an order requiring the return of certain legal papers which had been stored by the prison, or that he be allowed access to them. The court ordered respondent to answer that motion, which he has.

The Ninth Circuit has held that requests for injunctive relief may be satisfied by either of two sets of criteria. The "traditional" test requires the movants to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants; and (4) show that granting the injunction favors the public interest. *See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).

The "alternative" test requires that the movants demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). If the public interest may be affected by the proposed injunction, it should also be factored into the analysis. *See Bernhardt*. 339 F.3d at 925. The Ninth Circuit has explained that these two alternatives represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *See Diamontiney*, 918 F.2d at 795.

At the very least, however, the moving party must show a fair chance of success on the merits. *See Armstrong v. Mazurek*, 94 F.3d 566, 567 (9th Cir. 1996). This petitioner has completely failed to do. His filings so far have been so extensive and diffuse as to be insufficient to carry his burden to show a chance of success on the merits. The motions for injunctive relief will be denied.

   *4. Motion regarding missing submission*

In what he labels "Investigative/Remedial Motions, Re: missing 01 Aug 06 Submission," petitioner contends that a motion that he mailed on August 1, 2006, did not

3

reach the file. He has provided a copy which he says he obtained from the Attorney General's office, which evidently received its service copy. The missing motion was a notice of change of address and a request for an extension of time to reply to the respondent's opposition to his motion for injunctive relief. As petitioner's change of address has been noted on the docket, and his other motion for an extension of time to reply will be granted and the reply will be deemed timely, this motion will be denied as moot.

## CONCLUSION

1. Petitioner's motion for appointment of counsel (document number 26 on the docket) is **DENIED**.

2. Petitioner's motion for an extension of time to amend (document 31) is **GRANTED** and the time to amend is **EXTENDED** to May 28, 2007. Further extensions will be granted only in the most compelling circumstances. Petitioner's other motions for extensions (documents 17, 20 and 21) are **DENIED** as moot.

3. Petitioner's motion for an extension of time to reply to the opposition to his request for injunctive relief (document 22) is **GRANTED** and the reply is deemed timely. For the reasons set out above, his motions for injunctive relief (documents 11 and 26) are **DENIED**.

4. Petitioner's "Investigative/Remedial Motions, Re: missing 01 Aug 06 Submission" (document 34) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 16, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\BLACH446.MISC

4