UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BLACH,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>JOHN DOVEY, Director of Adult Institutions, CDCR,<br><br>　　　　Respondent.<br>_____ / | No. C 05-4446 PJH (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND; PARTIAL DISMISSAL AND ORDER TO SHOW CAUSE** |

　　　This is a habeas case filed pro se by a state prisoner.  In the initial review order the court dismissed the petition with leave to amend.  In that order the court stated:

　　　　The petition is a handwritten document not on the court's form for habeas petitions.  It is labeled a "[n]ominal" petition, apparently because it is not the real petition, but rather a place-holder for an amended petition petitioner hopes to file later.  It includes two "motions to the court" and eight "ancillary" motions.  Petitioner refers to it as presenting a "sampling" of the issues he ultimately will raise.  He lists twelve claims, some with subparts.  Although some of these claims clearly are cognizable, for instance ineffective assistance of counsel claims, most do not allege grounds for federal habeas relief.
　　　　[Paragraph omitted]

　　　　Because the present petition omits necessary information, is incomplete, and does not contain a simple, clear list of the constitutional claims petitioner wishes to raise, it will be dismissed with leave to amend on the court's form.  If petitioner chooses to amend he may use additional sheets of paper to set out claims beyond those which will fit on the form, but is advised to omit unnecessary argument which might be better presented in a memorandum in support of the petition or in a traverse, and to focus on the federal legal claims he wishes to be considered, rather than extensive discussion of his factual assertions. [Footnote omitted] Because claims cannot be raised in federal court unless they have first been raised to the highest state court available in explicitly federal terms, it should not be difficult for petitioner to list the federal issues he has already presented to the state supreme court.

　　　After many motions for extensions of time, petitioner has filed an amended petition and a "Motion to Amend First Amended Petition[;] Expedite Review[;] Bifurcate Review."

**DISCUSSION**

**I.     Motion to Amend, Expedite and Bifurcate**

Although petitioner labels his motion as being in part a motion to amend, and briefly refers to amending on page four of the motion, it appears that in fact all of the grounds for this motion are essentially the same:  He wants the court to decide claims one through four of the First Amended Complaint quickly, because he believes that those claims can be decided without his having access to certain legal papers he contends have been wrongly taken from him.  If so, it is unnecessary to amend.  Furthermore, although because of a very heavy caseload it takes longer than the court would like to decide cases, in this case much of the delay is due to petitioner's insistence on filing masses of papers, his requests for continuances, and his unwillingness to concisely state his claims.  The motion to amend, expedite and bifurcate will be denied.  The case will be decided in its proper order.

**II.    Review of First Amended Petition**

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus),* 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

2

concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) an alleged campaign by CDCR employees to prevent him from having access to his legal papers shows that his "conviction appeal" claims are valid and is a basis for the grant of habeas relief; (2) he is entitled to an automatic "reversal" of his conviction because CDCR prevented two habeas petitions from reaching the California Supreme Court; (3) CDCR employees seized his state habeas petitions in 2003, which petitions would have succeeded, so if this court were to grant a retrial rather than release that would be a double jeopardy violation; (4) this court should grant the writ unconditionally, without permission to retry him, because of CDCR misconduct; (5) his petition will "destroy the evidentiary value of petitioner's locker contents," so there will be insufficient evidence to support the conviction and he cannot be retried; (6) the judge, prosecutor and defense counsel conspired to hide from him information about a juror, and excluded him from being present at a bench conference with a juror who had written the court a note; (7) the trial judge was part of a conspiracy against him, and was a friend of his enemies, so was not unbiased; (8) his trial was part of a criminal conspiracy; (9) the prosecutor was guilty of misconduct, including subverting defense counsel to the extent that defense counsel was ineffective; (10) the prosecutor committed misconduct in the course of obtaining a search warrant; (11) the prosecutor committed misconduct by taking opposing positions in the grand jury and at trial, and his counsel was ineffective in not attacking the prosecutor's use of evidence of petitioner's exclamation when police knocked on his door; (12) his speedy trial rights were violated; (13) the prosecutor committed misconduct by concealing evidence of witnesses' mental illness; (14) a juror committed misconduct; (15) his counsel was ineffective in specified ways; (16) his counsel was ineffective in failing to properly investigate, including failing to use discovery effectively; (17) counsel conceded his ineffective assistance; (18) counsel's motion for a new trial was so defective as to constitute ineffective assistance; (19) counsel's failure to return files post-trial constituted ineffective assistance.

3

Of the first four issues, issues three and four are not grounds for relief but rather are arguments for the sort of relief this court should provide if the writ should be granted.  Issue seventeen (that counsel conceded his ineffectiveness in a *Marsden* hearing) also is not a basis for relief independent of the claims of ineffective assistance.  These three issues will be dismissed.  Although some of the other issues may be subject to attack – for instance, issue ten may be a disguised Fourth Amendment claim, which cannot be the basis for habeas relief – that can be better determined after briefing.  An order to show cause will issue as to the remaining issues.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's motion to amend, expedite and bifurcate (document number 45) is **DENIED**.

2. Issues three, four and seventeen are **DISMISSED**.

3. The clerk shall serve by regular mail a copy of this order and the amended petition (document 42) and the exhibits (documents 43 and 44) on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

      6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  September 30, 2008.

                    PHYLLIS J. HAMILTON
                    United States District Judge

G:\PRO-SE\PJH\HC.05\BLACH446.OSC.wpd

5