1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    RODNEY BLACH,
                                             No. C 05-4446 PJH (PR)
8                   Petitioner,
                                             **ORDER GRANTING**
9        vs.                                 **RESPONDENT'S MOTION TO**
                                             **DISMISS**
10   JOHN DOVEY, Director of Adult
     Institutions, CDCR,
11
                    Respondent.
12   _____/

13

14        This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254.

15   Respondent has filed a motion to dismiss on grounds that the petition is barred by the

16   statute of limitations.  Petitioner has filed an opposition and respondent a reply.  Petitioner

17   has filed several motions, none of which have sufficient merit to require deferring ruling on

18   the motion to dismiss.  For the reasons set out below, the motion to dismiss is granted

19                                   **DISCUSSION**

20        Respondent contends that this petition is barred by the statute of limitations.  The

21   statute of limitations is codified at 28 U.S.C. § 2244(d).  Petitions filed by prisoners

22   challenging non-capital state convictions or sentences must be filed within one year of the

23   latest of the date on which:  (A) the judgment became final after the conclusion of direct

24   review or the time passed for seeking direct review; (B) an impediment to filing an

25   application created by unconstitutional state action was removed, if such action prevented

26   petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme

27   Court, if the right was newly recognized by the Supreme Court and made retroactive to

28   cases on collateral review; or (D) the factual predicate of the claim could have been

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during

2   which a properly filed application for state post-conviction or other collateral review is

3   pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

4         The starting date for most state prisoner habeas petitions is the date direct review

5   concluded, and respondent contends that should be the starting date here.  On September

6   16, 2003, the California Court of Appeal affirmed the judgment except as to an arson

7   enhancement, and remanded for resentencing.  On December 17, 2003, the California

8   Supreme Court denied review.  On January 22, 2004, petitioner was resentenced.  He did

9   not appeal, so the latest his direct appeal could be deemed to have been completed was

10  upon the expiration of time to appeal from the resentencing, March 22, 2004.  If the

11  limitations period began running upon completion of direct review, the deadline for

12  petitioner to file this petition thus was March 22, 2005.  *See Patterson v. Stewart*, 251 F.3d

13  1243, 1246 (9th Cir. 2001) (adopting what is referred to as the "anniversary method"

14  because, absent any tolling, the expiration date of the limitation period will be the same

15  date as the triggering event but in the following year).  It in fact was not filed until it was

16  placed in the mail on October 27, 2005, 219 days after the deadline.  This petition thus is

17  untimely unless tolling applies or a different starting date is used.

18        In his opposition to the motion to dismiss, petitioner complains of difficulty in gaining

19  access to his legal papers.  It is not clear whether he means this only as an argument for

20  equitable tolling, or also intends to assert a different starting date for the limitations period,

21  namely that set out in section 2244(d)(1)(B), the date an impediment to filing an application

22  created by unconstitutional state action was removed.  Because it is understandable that

23  the distinction might be confusing to a layperson; the court will overlook his failure to clarify

24  the point and will treat his opposition as raising both arguments.

25        The contention that the starting date should be determined under section

26  2244(d)(1)(B) is plainly without merit.  In the recent case of *Ramirez v. Yates*, 571 F.3d 993

27  (9th Cir. 2009), the Ninth Circuit held that a section 2244(d)(1)(B) claim must meet "a far

28  higher bar than that for equitable tolling."  *Id.* at 1000-01.  When the constitutional right

United States District Court

For the Northern District of California

alleged to have been violated is that of access to the courts, as it is here, the delayed start of the limitations period is available only if the impediment prevented the prisoner from filing his claims in *"any* form in *any* court." *See id.* at 1000-01 (emphasis in original)  (refusing to allow delayed commencement under 28 U.S.C. § 2244(d)(1)(B) when prisoner filed three state petitions, a state discovery motion, and a federal motion during the relevant time). Here petitioner managed to file with this court a request for an extension of time to file his habeas petition; it was filed on December 14, 2004, after completion of direct review but before expiration of the limitations period, that is, it shows he was not completely prevented from filing by the problems with access to his voluminous legal papers. *See Blach v. Campbell*, No. C 04-5284 PJH (PR).  Thus it is clear that he was not prevented from filing "in *any* form in *any* court," the prerequisite under *Ramirez* for application of section 2244(d)(1)(B).[1]  *See Ramirez*, 571 F.3d at 1000-01.  Petitioner's contention that the starting date should be a date other than completion of direct review is rejected.

Petitioner also contends he is entitled to equitable tolling. "To receive equitable tolling, '[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (quoting *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir.2006)).  The petitioner must additionally show that '"the extraordinary circumstances were the cause of his untimeliness,'" *id.* (quoting *Spitsyn v.*

---

[1]The court notes that although the court in *Ramirez* was absolute – only a complete inability to file anything in any court triggers the alternative starting date – in this case petitioner could not meet even a more lenient standard.  He has filed no state habeas petitions aside from the lengthy one he filed with his direct appeal and which was decided with it, so he has not exhausted any issues other than those that were raised on direct appeal or in the accompanying habeas petition, and only those issues could properly be included in a federal petition.  Although not much clearly emerges from his allegations regarding access to his legal papers at the relevant time, one thing that is clear is that he was not completely prevented from having any access at all, and that his real complaint is that access was not sufficient to allow him to make the sort of complex and lengthy arguments he prefers.  He also alleges that he had considerable help from outside the prison.  Even with only minimal access to his papers he could have used his appellate brief and habeas petition to compose the federal petition, or he could have asked his outside helpers to send him those two items.  Thus, even under a less demanding standard, the facts he alleges would not have prevented him from filing his petition.

3

United States District Court
For the Northern District of California

1   *Moore*, 345 F.3d 796, 799 (9th Cir.2003)), and that the '"extraordinary circumstances

2   ma[de] it impossible to file a petition on time,"' *Roy*, 465 F.3d at 969 (quoting *Calderon v.*

3   *United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997))." *Ramirez v. Yates,*

4   571 F.3d 993, 997 (9th Cir. 2009).

5       Petitioner fails to say which papers were seized when, and although he says that

6   allegations relevant to his equitable tolling argument are contained in the exhibits attached

7   to the opposition, he does not say where in the voluminous attachments they might be, or

8   what they might say.  This is sufficient in itself to reject the equitable tolling argument. *See*

9   *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (summary judgment case; holding that

10   it is not the task of the district court to scour the record in search of a genuine issue of

11   triable fact when litigant has failed to point out where such evidence might be found).

12       Petitioner's arguments also have other defects.  Petitioner asserts that the loss of his

13   papers requires tolling of "ENTIRE period (23 Mar 05 thru 27 Oct 05) that state retained

14   seized legal papers."  Pet'r P. & A. at 15.  Because the limitations period expired on March

15   22, 2005, this allegation provides no basis for equitable tolling.  On the other hand,

16   elsewhere in his opposition brief he contends that the "duration of impediment" was

17   "15Jul03 - 26Oct05," *id.* at 12, which is the relevant period, but provides no clear indication

18   of what papers were stored – it seems from some of his allegations that his point is that not

19   *all* of his papers were permitted to be in his cell at one time – and does not say how long

20   they were stored.  He alleges, as part of the same discussion, that he was "cyclically"

21   deprived of papers, and that this had a "chilling" effect. *Id.*  Aside from being conclusory

22   and fact-free, even if these allegations were true they would not show that the periodic

23   deprivation of access to his papers, or some of them, made it "impossible" for petitioner to

24   file his petition on time, nor would they show that he was diligent in trying to file it.

25       Petitioner has not carried his burden to show that equitable tolling applies. *See*

26   *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (petitioner claiming equitable tolling

27   bears burden of demonstrating limitation period was sufficiently tolled).

28       Because petitioner has failed to establish any basis for avoiding the statute of

4

1    limitations, the motion to dismiss will be granted.

2                                **CONCLUSION**

3            Respondent's motion to dismiss (document number 54 on the docket) is **GRANTED**.

4    The petition is **DISMISSED**.  Petitioner's pending motions (documents number 52, 53, 55 &

5    61) are **DENIED** as moot.  The clerk shall close the file.

6            **IT IS SO ORDERED.**

7    Dated:  September 8, 2009.

8                                                    _____
                                                     PHYLLIS J. HAMILTON
                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

United States District Court

For the Northern District of California

1

2    G:\PRO-SE\PJH\HC.05\BLACH446.DSMSS-SL.wpd

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28