UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RODNEY BLACH,

        Petitioner,

  vs.

JOHN DOVEY, Director of Adult Institutions, CDCR,

        Respondent.
                                          /

No. C 05-4446 PJH (PR)

**ORDER GRANTING CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

    This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court granted respondent's motion to dismiss the petition as untimely in an order entered on September 9, 2009. Petitioner has filed a notice of appeal, a motion for a certificate of appealability ("COA"), a motion to proceed in forma pauperis ("IFP") on appeal, and a motion to proceed IFP "part two." The case has been remanded by the court of appeals for a ruling on the motion for a COA.

## DISCUSSION

    A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

    "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

The petition was dismissed because it was filed after expiration of the limitations period and petitioner failed to establish that he was entitled to equitable tolling or to a starting date for the limitations period other than completion of direct review.  His assertions regarding access to his legal papers were conclusory and did not clarify which papers he was unable to have access to and for what periods of time.  Nevertheless, reasonable jurists might find the court's assessment of the limitations issue debatable or wrong, and petitioner has presented some issues that are of constitutional dimension.  The motion for a certificate of appealability (document 66 on the docket) is **GRANTED**.

Petitioner's motions to proceed IFP on appeal (documents 67 and 69) are **GRANTED.**

The clerk shall immediately transmit the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated:  February 12, 2010.

PHYLLIS J. HAMILTON
United States District Judge